UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAMADOU MOUSTAPHA SIDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CYBERSECURITY AND ) <br> INFRASTRUCTURE SECURITY ) <br> AGENCY LEGISLATIVE, ) <br> ) <br> Defendant. ) | Civil Action No. 1:23-cv-01089 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained, the court will grant the IFP application and dismiss the complaint without prejudice.

Plaintiff, who resides in Senegal, sues the Cybersecurity and Infrastructure Security Agency ("CISA"). From there, the complaint is difficult to follow. Although any of the surrounding circumstances and the specific alleged wrongdoing are completely unclear, plaintiff contends that he is employed by CISA and broadly asserts that is he owed unpaid wages. He also seeks damages "and everything a CISA employee is entitled to." He cites to certain federal statutes and subsections of the Code of Federal Regulations, all of which involve records management by federal agencies, but none of which convey a private right of action. Plaintiff fails to explain the applicability of this legal authority, if any, to his claims. Indeed, his intended claims are entirely ambiguous. As exhibits, he attaches correspondence from the Department of Homeland Security the Office of Information Policy within the Department of Justice regarding two Freedom of Information Act ("FOIA") requests. But the complaint itself does not once reference the FOIA, nor does seek any relief available under that statute. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1).

First, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls squarely within this category.

Second, plaintiff has failed to establish this court's subject matter jurisdiction. Without more information, plaintiff's demand for unpaid wages is ostensibly a breach of contract claim. The Tucker Act, 28 U.S.C. § 1491, gives the United States Court of Federal Claims jurisdiction to render judgment upon any claim against the United States founded, *inter alia*, upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This grant of jurisdiction to the Court of Federal Claims is "exclusive," but "only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the [Court of Federal Claims]." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Absent other grounds for jurisdiction, a claim is subject to the Tucker Act's stringent jurisdictional restrictions if, in whole or in part, it explicitly or "in essence" seeks more than $10,000 in monetary relief from the federal government. *See Megapulse, Inc. v. Lewis*, 672 F.2d

959, 967–68 (D.C. Cir. 1982); *Heller, Ehrman, White & MacAuliffe v. Babbitt*, 992 F.2d 360, 363 (D.C. Cir. 1993) (a plaintiff "may not, by creatively framing their complaint, circumvent a congressional grant of exclusive jurisdiction."). Here, plaintiff seeks in excess of $10,000. Accordingly, this court is want of jurisdiction, and assuming he could make out a viable claim, he would be nonetheless be required to seek recourse in the Court of Federal Claims.

Put simply, the complaint is vague, confused, and fails to provide adequate notice of any claim. Furthermore, plaintiff fails to establish this court's jurisdiction or to present a valid basis for relief. Consequently, the complaint is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:  May 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge